No. 25,582.

MARY DOROTHY ELWARD, *Appellee*, v. RODNEY A. ELWARD, JANET HUFFINE, and RODNEY HUFFINE, by their Next Friend, C. W. HUFFINE, *Appellants*.

### SYLLABUS BY THE COURT.

TRUST—*Created by Will—Construction of Will—Powers and Discretion of Trustee in Execution of Will.* Where the instrument creating a trust gives the trustee discretion in its execution, his conduct in that respect is subject to control by a court only when showing bad faith or its equivalent. A judgment directing such a trustee to increase an allowance to a beneficiary is held to imply a finding bringing the case within that exception, which is conclusive in this court and requires an affirmance.

Appeal from Reno district court; AARON C. COLEMAN, judge *pro tem.* Opinion filed January 10, 1925. Affirmed.

*F. Dumont Smith,* and *F. L. Martin,* both of Hutchinson, for the appellants.

*C. E. Branine, C. M. Williams,* and *D. C. Martindell,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

MASON, J.: John H. Elward died in 1909, leaving a widow, a son and two daughters. He left all his property, which included a considerable body of land in Reno county, in trust, distribution to be made on the death of the last of his children among the then living grandchildren. His son, Rodney A. Elward, was named as trustee, being given a broad discretion in the handling of the estate. The duty was imposed upon him of furnishing each of his sisters "a comfortable maintenance and support in keeping with their habits and condition in life, providing nurses and physicians in case of sickness, so long as they remain single and unmarried." This action was brought against the trustee by one of his sisters, Mary Dorothy Elward, to require him to pay her $200 a month for her support and maintenance, the prior allowance having been $100.

By an amendment to the petition his discharge as trustee was asked. The trial court refused to grant the later prayer, but ordered the trustee to pay the plaintiff $150 on the first of each month for her support and maintenance. The defendant appeals.

The will authorized the trustee to sell and dispose of any of the property on such terms as in his judgment might be advisable. It contained this paragraph:

"I do not know whether the income and profits arising from the estate will be sufficient to provide fund for all the purposes hereinbefore specified, nor do I wish to in any way limit the trustee in such matters. However, I express the hope that no incroachment will have to be made upon the principal or original estate, but rather that it may grow and increase, and while I charge the trustee that he shall not deal stingily with those dependent upon the estate, I also request them to be moderate in their demands and to live economically."

The trial court found that "the physical condition of the plaintiff is such that she is unable to manage and earn for herself," and that "in the exercise of the discretion of the trustee, she has been given an allowance which has from time to time been changed and increased, ranging from $25 per month in the beginning to $100 per month at the present time."

The accepted rule is that where the instrument creating a trust gives the trustee discretion as to its execution, a court may not control its exercise merely upon a difference of opinion as to matters of policy, and is authorized to interfere only where he acts in bad faith or his conduct is so arbitrary and unreasonable as to amount to practically the same thing. (28 A. & E. Encyc. 991, 992; 26 R. C. L. 1373, 1374; 39 Cyc. 316, 317.) In the text last cited it is said that a court will not "at the instance of interested parties, interfere with the performance of his duties by the trustee and the exercise of the discretionary powers conferred upon him, unless there is shown bad faith on his part, or a gross and arbitrary abuse of discretion." Another text reads:

"If a trustee has been invested with a discretionary power in the trust deed, the court will closely scrutinize his acts, and interfere to control his conduct whenever necessary to prevent him from so exercising his discretion as to oppress the beneficiary or cause loss to the trust property." (26 R. C. L. 1282.)

This language was quoted from a case where the trustee had no discretion (*Cuthbert v. Chauvet*, 136 N. Y. 326), and was obviously intended as a statement of the general rule and not as a modification of it. The mere fact that a course pursued by the trustee may result

in a disadvantage to the beneficiary, or cause loss to the property, will not necessarily warrant the interference of a court.

The judgment of the district court directing an increase in the allowance to the plaintiff implies a finding that the former provision made for her by the defendant was so inadequate as to show bad faith or its equivalent. If the evidence were before us an affirmance would be required unless we could say it contained nothing having any substantial tendency to support the decision. The evidence, however, has not been brought here, and the judgment must stand unless it is affirmatively shown to have been brought about by an erroneous view of the law or is necessarily inconsistent with some fact specifically found.

The journal entry of judgment was accompanied by a written opinion setting out the conditions which warrant control by the court of the conduct of the trustee, substantially in accordance with the texts above quoted. The journal entry contained this, among other findings of fact: "The trustee has not acted in bad faith, nor has he acted with gross or arbitrary abuse of discretion, except as to the allowance to said Dorothy Elward, nor has he completely failed to act, but on the contrary has acted diligently and faithfully for the interest of the estate." The exception made clearly shows that the court did not find that the trustee acted in good faith and not arbitrarily in fixing the allowance, and if it does not by implication show a finding to the contrary, that is supplied by the judgment itself. In the trial court's written opinion it is said:

"In this case there is no evidence to show any act of fraud, misconduct, bad faith or arbitrary abuse of discretion on the part of the trustee, and so there is absolutely no grounds for his removal; and in accordance with the rule laid down that the court of equity has power to prevent him from exercising his discretionary power so as to oppress the beneficiary, I hereby assume authority to fix the amount necessary for her support and maintenance in accordance with the terms and conditions of said testamentary trust."

This language must be interpreted to harmonize with the finding of fact and the judgment, so far as it is reasonably open to such construction. It cannot be regarded as showing a departure from the accepted rule, or as intended to nullify the exception made in the finding quoted. Consequently the order increasing the allowance to the plaintiff must be affirmed.

The trial court also expressed the opinion that a claim of $340 for hospital bills, doctor bills and other expenses due to the plaintiff's physical condition should be paid by the trustee, but held that it had

no authority to order it. The plaintiff asks a modification so that such payment shall be made obligatory. This part of the judgment is likewise unassailable, because it must be regarded as implying a finding that so far as relates to this feature of the case the defendant acted in good faith.

The plaintiff asks that her attorneys' fee for services in the presentation of this appeal be allowed as a charge against the estate. The allowance is made, the fee being fixed at $150.

The judgment is affirmed.

HOPKINS, J., dissenting.