242 S.W.2d 542 (1951)
SCULLIN
v.
CLARK et al.
No. 42382.
Supreme Court of Missouri, Division No. 1.
September 10, 1951.
Motion for Rehearing or to Transfer to Denied October 8, 1951.
*543 Harry A. Frank, Edward C. Schneider, St. Louis, for appellant.
Paul Bakewell, Jr., St. Louis (Bakewell, Bakewell & Cramer, St. Louis, of counsel), for Lenore Scullin Clark, Stella Wade Warren and their respective descendants, respondents.
R. Walston Chubb, Philip A. Maxeiner, St. Louis (Lewis, Rice, Tucker, Allen & Chubb, St. Louis, of counsel), for respondents, May Scullin Green and Eugenia Scullin Bagnell, and their respective successors in interest.
Motion for Rehearing or to Transfer to Court en Banc Denied October 8, 1951.
LOZIER, Commissioner.
Plaintiff sued for the construction of a will, for an accounting, and for an apportionment, as between corpus and income, of certain stocks and cash items received by the trustees of a testamentary trust. Her petition was dismissed for failure to state a claim upon which relief could be granted. She appealed. The appeal is properly here because of the amount involved.
The primary question is: Can the personal representative of a deceased co trustee, who was also a life beneficiary, maintain an action for deceased's share of funds which (during deceased's lifetime and co-trusteeship, and with deceased's concurrence as such co-trustee and his approval, acquiescence and ratification as such beneficiary) were added to the trust corpus instead of being distributed to the life beneficiaries as income?
John Scullin died in 1920. His will was duly probated and thereafter his estate was delivered to the trustees of a testamentary trust. Harry Scullin, John Scullin's son, was one of the trustees designated in the will and served until his death. The present trustees are the Mercantile-Commerce Bank & Trust Co., successor trustee since 1929, Thomas C. Hennings, successor trustee since 1938, and Lenore Madeline Clark, Harry Scullin's sister, successor trustee to Harry Scullin.
The beneficiaries of the trust estate of John Scullin were: Harry Scullin, his son; Lenore Madeline Clark and May Eunice De'Gheest, his daughters; Stella Scullin, widow of a predeceased son; and their respective descendants. During Harry Scullin's lifetime, he, his two sisters and his sister-in-law, were each to receive one fourth of the net income. Mrs. De'Gheest died in 1945. Harry Scullin died in 1947. Mrs. Clark and Mrs. Stella Scullin survive.
Plaintiff-appellant, Bernice W. Scullin, is the widow of Harry Scullin. Her petition shows that she sued as co-executrix of Harry Scullin's estate and not as sole residuary legatee under his will, as appears in the petition's caption. Defendants
Mercantile-Commerce Bank & Trust Co. (herein called the Trust Co.), Hennings and Mrs. Clark were joined as trustees. Mrs. Clark was also joined as a beneficiary. The Trust Co. was also joined as co-executor of Harry Scullin's estate and, also, as executor of Mrs. De'Gheest's estate. The petition alleged that final settlement in *544 these two probate estates could not be made until the issues involved had been judicially determined.
Twenty individual defendants were joined as beneficiaries. Each was said to have a vested or a contingent beneficial interest, either for life or in remainder. Some were joined as representatives of a particular class as well as in their own right.
All of the individual defendants moved to dismiss the petition, as did the Trust Co. as executor of Mrs. De'Gheest's estate. Neither of the three trustees nor the Trust Co. as co-executor of Harry Scullin's estate either joined in the motion to dismiss or filed any other pleading.
The petition alleged: "That prior to the death of the plaintiff's husband, Harry Scullin, and during the administration of said trust estate, various questions and doubts have arisen with and among the trustees, as to whether under the terms and provisions of the will of John Scullin and under the facts and circumstances of certain financial transactions as hereinafter set forth, certain monies, proceeds and profits, which were received by the trustees, constitute, in law and in equity, part of the income of said trust estate, or part of the corpus of said trust estate; that during the lifetime of said Harry Scullin, he as a trustee and beneficiary, endeavored to have said questions and doubts settled by a judicial determination thereof, and at one time said Harry Scullin was instrumental in having a proceedings, Cause No. 72539-C then pending in Division No. 2 of this circuit court, filed, in which proceedings the defendant, Lenore Madeline Clark was the plaintiff; that after said proceedings was filed and an amended petition filed in said cause setting forth a number of the problems, questions and doubts (hereafter referred to in the following specifications), at Mrs. Clark's insistence, said proceedings was dismissed without prejudice and no judicial determination was secured; that thereafter the trustees of the John Scullin estate again desired said problems and issues to be determined by the court and engaged an attorney, J. Porter Henry, Esquire, to file said proceedings on behalf of the trustees of the John Scullin estate; that the defendant, Mrs. Clark, again objected to the filing of said proceedings and there has been no judicial determination of said problems and questions; that since the death of the former life tenant beneficiaries, May Eunice De'Gheest and Harry Scullin, it is necessary and proper that these questions, problems, issues and doubts as to the apportionment of certain monies and proceeds to corpus or to income, be judicially determined so that said estates of said respective former life tenants may be properly paid such amounts of income that may be found by the court to be due to said life tenant beneficiaries."
Plaintiff further alleged that: she had "requested the trustees to make proper distribution to said Harry Scullin's estate of the amount which in fact and in law should be income to said trust estate * * * but said trustees have refused to do so"; the papers and documents of the estate were in the possession of the Trust Co.; she had requested of the trustees "certain information concerning various transactions and some of the requested information has been disclosed to plaintiff as hereinafter set forth"; but she had no knowledge that "the following specifications include all such transactions"; she was entitled to a "discovery of the records, accounts, minutes, papers and books of said trust estate in the possession of said trustees and each of them, and to an accounting of the income of said trust estate which during the lifetime of her husband, Harry Scullin, should have properly been paid to him and is now due and owing to his estate." She then set out, upon information and belief, seven "specifications" as "some of the items and transactions on which there are questions and doubts as to the apportionment of proceeds and money whether to income or to corpus of said trust estate."
All of the specifications related to actions taken by the trustees when Harry Scullin was both a co-trustee and a life beneficiary entitled to one-fourth of the net income. Each of the first five specifications recited the trustees' receipt of *545 stock in a new (merged or reorganized) corporation in exchange for preferred stock of an old corporation, and in settlement and discharge of arrearage in dividends on the old stock. The total of such claimed arrearage was $83,723.52. In one instance, the trustees still own the new stocks. They had sold the other four stocks. The sale prices of two were more than what plaintiff called the investment costs or the initial costs plus arrearage in dividends. The sale prices of the other two were less than the investment costs.
The sixth specification was that John Scullin died owner of a $206,467.80 claim for advances made to a syndicate of which he was a member. Plaintiff alleged that the trust estate was entitled to 6% interest upon this debt; and that the $45,310.86 the trustees had received from the syndicate should have been treated as interest on the claim and distributed as income. Plaintiff pleaded a decree of the Circuit Court of St. Louis City involving the testamentary trust estate of James Campbell, another member of the syndicate, in which the Trust Co., as trustee of Campbell's trust estate, was a defendant. Plaintiff alleged that in that case it was held that the life beneficiaries of that estate were entitled to receive similar payments as income. Plaintiff stated that the Campbell case was "based on the same facts and involved the same questions and principles of law on the apportionment of the proceeds of said syndicate as between income and corpus." Plaintiff then computed the interest under what she called "the rule in the Campbell case," alleged that the total interest due was $29,016.73, and asserted that this much of the $45,310.86 should have been distributed as income.
The last specification involved $42,321.70. The trust estate had advanced $57,321.70 to a corporation, some of the capital stock of which John Scullin owned at the time of his death. When all the stock holders "forgave" their claims, the trustees set up this $57,321.70 as the value of their stock, theretofore carried at $1.00. The corporation set up the "forgiven debts" in its "unearned surplus account." It later paid the trustees $15,000 "dividends" out of current earnings, and the trustees (properly, plaintiff conceded) credited this amount to the trust corpus in reduction of what had actually been an open account claim against the corporation. The corporation later paid dividends out of its "unearned surplus account." Thereafter, the company paid the trustees "cash dividends," amounting to $43,933.23, out of its current earnings and its "accumulated earned surplus account." The trustees distributed $1611.53 of this $43,933.23 as income, and applied the balance, $42,321.70, in reduction of what appears to have been simply the corporation's $57,321.70 debt.
Plaintiff alleged that this $42,321.70 should have been distributed as income, and that the U. S. Treasury Department had specifically so ruled. And, she stated, in connection with the tax controversy, letters were filed with the department by three of the life beneficiaries, Harry Scullin, Mrs. Clark and Mrs. Stella Scullin, "renouncing their rights to all dividends theretofore paid or thereafter paid until the dividends equalled the debt which had been forgiven." Plaintiff stated that Mrs. De'Gheest, a resident of France, did not "execute" such a letter. The department ruling required the life beneficiaries to pay income tax upon the $43,933.23, even though only $1611.53 had been distributed, and "even though three of the life tenants had renounced their claim to the same."
The total of the seven items was approximately $155,000. In each of the specifications plaintiff alleged that the trustees "erroneously and improperly apportioned, allocated and applied all or part of" the stock or funds to corpus, and "failed and neglected to apportion and credit the said stock and other proceeds properly between income and corpus account for distribution among the then four life tenants as income," or "to credit any part thereof as income in payment of the arrearage due," and to distribute these receipts as income. Each specification concluded with a request that the "trustees be ordered, instructed and directed to pay over and distribute to the then life tenants" the claimed amounts, and, as to the *546 stocks still owned by the trustees, either to distribute the common stock as income or to sell both the common and preferred stocks and to apportion and distribute a portion of the proceeds as income.
Plaintiff further stated "that the trustees under the will of John Scullin, deceased, are desirous of faithfully performing their duties and trusts and the plaintiff states that there may be other and additional transactions wherein there was an improper and erroneous apportionment of funds and money between income and capital; that if the trustees improperly and erroneously apportioned proceeds, which in fact and in truth is income, to the corpus account of the estate, said trustees are liable to account to the life tenants and the representatives of the deceased's life tenants; that the estate of May Eunice De'Gheest, deceased, and the estate of Harry Scullin, deceased, are each entitled to said funds that were improperly apportioned and paid during their lifetime as life tenant beneficiaries into the corpus account, when in fact and in truth said funds constituted income; likewise said trustees would become liable to the remaindermen under the will of the said John Scullin, deceased, by paying certain proceeds, monies and funds to the life tenant beneficiaries as income if the same in truth and fact constituted corpus assets of the trust estate, and that these questions and problems should be adjudicated by a court of competent jurisdiction, and instructions given by such court in a proper proceedings; that plaintiff therefore brings this proceedings for the benefit of said trust estate, and for the benefit of the life tenant beneficiaries as well as the remaindermen * * *."
Plaintiff's prayer was that the court construe the John Scullin will in respect to these matters and "apply the terms and provisions of said will thereto and determine and adjudicate the rights of the beneficiaries under said will in the premises and the apportionment of the corpus assets and the income, earnings and profits thereof of the said trust estate; and that the court give its instructions and directions to the defendant trustees * * * advising, instructing and directing said trustees to pay over and deliver to the plaintiff as co-executor and to the proper life tenant beneficiaries or their legal representatives, in equal shares the income, earnings and profits of the various transactions set forth in the specifications and allegations of this petition and such other matters, questions and doubts that the trustees may desire to bring before the court; that the defendant trustees be directed and ordered to exhibit to the plaintiff and to the other parties interested, the records, books, papers, minutes, including proxy statements, letters, information and printed matter received from corporations being reorganized and make a full disclosure of all facts and circumstances concerning the transactions set forth in the specifications herein and other transactions that may be of similar character * * *."
Plaintiff is not a beneficiary of the John Scullin trust estate. She sues only as co-executrix of Harry Scullin's estate, joining her co-executor as defendant. The trustees and all beneficiaries are joined. According to her petition, no beneficiary demands an accounting. Neither of the trustees nor any of the beneficiaries ask that directions be given to the trustees. Neither of the two surviving life beneficiaries nor the representative of the other deceased life beneficiary seeks an order directing the allocation of these funds to income and their distribution to Mrs. Clark, Mrs. Stella Scullin, Mrs. De'Gheest's executor, and plaintiff. (As stated, all defendants joined in the motion to dismiss, except the three trustees and the Trust Co. as co-executor of Harry Scullin's estate, all four of whom defaulted.) These requests for an accounting, for trustees' directions and for the allocation and distribution order are plaintiff's solelyand then hers only as co executrix of Harry Scullin's estate.
At this point we mention and eliminate several matters briefed and argued here. The conclusions hereinafter reached render unnecessary consideration of: whether plaintiff is entitled to sue; whether the cause is properly either one to construe *547 a will (or testamentary trust) or one asking for trustees' guidance and directions as to other than consummated transactions; and whether the actions of the trustees in apportioning the items to corpus constituted breaches of trust.
Too: The John Scullin trust provided for distribution of "net income," and that "stock dividends shall be regarded as part of the corpus of the trust, and not net income." Plaintiff asserts that a proportionate part of the stock and cash received by the trustees under the first five specifications was in discharge of arrearage in dividends on preferred stock. Even assuming that the allegations of the petition are sufficient to support this contention and, also, to support her contentions as to the two other specifications, we need not determine these matters. We shall assume without deciding that all of the seven items were net income and as such should have been distributed to the four life beneficiaries.
The positions of both parties as to the remaining issues are well stated in plaintiff's brief. "It is the contention of such movants (below) that the plaintiff's testator, Harry Scullin, was both a trustee and a life beneficiary under the will of his father, John Scullin; and that it appears that the three trustees, including Harry Scullin, treated the proceeds of certain investments set forth in the petition as capital or corpus and not income; and that, as a beneficiary under the will, Harry Scullin accepted this allocation and, by his acquiescence and acceptance and ratification as a beneficiary of the acts of the three trustees, is estopped to deny that any of said items mentioned in the petition constituted income; and that the plaintiff, as coexecutor of his estate, is in privity and is now estopped from asserting that the action of the three trustees was improper.
"The plaintiff contends that the plaintiff's petition alleges that, while Harry Scullin was both one of the trustees and also a life beneficiary entitled to one fourth of the income, that as to the transactions set forth in the seven specifications of the plaintiff's petition, there were various questions and doubts with and among these three trustees as to whether, under the terms of the John Scullin will, certain moneys, proceeds and profits, which were received by the trustees, constituted in law and in equity corpus, or that part of the same should be allocated to income. In other words, the trustees were in doubt as to the proper action to take. They were in doubt as to their legal rights, duty and authoritywhether to allocate the whole of these proceeds to capital or corpus, or whether a part of said proceeds constituted income. The plaintiff contends there could be no estoppel on the part of Harry Scullin as beneficiary or as trustee, for the reason of and because of these doubts and questions, and because he was not fully apprised of his legal rights nor knew his legal rights nor did he understand or have knowledge of all of the facts that entered into the allocation of these proceeds to the corpus account. Estoppel and acquiescence is an affirmative defense and must be expressly pleaded and proven in all of its elements. Mere allegations that plaintiff's testator was a life beneficiary as well as co-trustee of the trust funds do not amount to estoppel and acquiescence."
The actions of which plaintiff complains were the trustees' actions. Harry Scullin and his co-trustees, collectively, were one entity and one trustee. 3 Bogert, Trusts & Trustees, Sec. 554; Walker v. James, 337 Mo. 750, 85 S.W.2d 876. The trustees' decisions were unanimous, as was necessary. Restatement, Trusts, Sec. 194; Scott, Trusts, Sec. 6.3; Walker v. James, supra. Harry Scullin's concurrences were equivalent to decisions made by him as a sole trustee.
The additions to corpus benefitted the remaindermen, not the four life beneficiaries. Whatever Harry Scullin's doubts may have been, the petition shows that he resolved them against his own selfish interest. Consistently, he wore not "his faith but as the fashion of his hat." Beneficiary Harry Scullin agreed to, approved, acquiesced in, and confirmed and ratified the deliberate and considered acts of co-trustee Harry Scullin. In allocating the funds to corpus, and in refusing to assert his claim, Harry *548 Scullin knowingly and voluntarily deprived himself of one-fourth of the funds.
A sui juris beneficiary who, with full knowledge of the facts and his legal rights, consents to or confirms and ratifies a breach of trust, may not thereafter complain. Restatement, Trusts, Sec. 216; 4 Bogert, Trusts & Trustees, Secs. 941, 942; Scott, Trusts, Sec. 216; Newton v. Rebenack, 90 Mo.App. 650; Walker v. James, supra. "There is no illegality in a cestui que trust authorizing an act which otherwise would be a breach of trust towards himself * * *." Pope v. Farnsworth, 146 Mass. 339, 16 N.E. 262, 266. And see In re Leupp, 108 N.J.Eq. 49, 153 A. 842. As stated in Walker v. James, supra, [337 Mo. 750, 85 S.W.2d 885] where a plaintiff is "either a beneficiary or a trustee, without being both, the situation would be an entirely different one." Here, according to the petition, beneficiary Harry Scullin's consent to, acquiescence in and confirmation and ratification of the alleged breaches of trust by cotrustee Harry Scullin were made with full knowledge of all the facts. A trustee-beneficiary cannot withhold information from himself.
But, plaintiff argues, as the petition alleges that the trustees were in doubt as to their legal rights, beneficiary Harry Scullin "certainly was not fully apprised of his legal rights and there could be no estoppel and acquiescence on his part, especially where the rights of the parties had not changed and the funds and proceeds are still in the hands of the present trustees."
Technical "estoppel" is not here involved. In Newton v. Rebenack, supra, it was said: "The foregoing authorities conclusively establish the proposition that a concurring and acquiescing cestui que trust, is denied redress against a defaulting trustee, on account of any injury sustained by the latter's misconduct at the former's request or with his approval. The doctrine, under the various designations of concurrence, acquiescence, confirmation, ratification and estoppel, is a part of equity jurisprudence and must be upheld."
"It is not believed that action or inaction on the basis of the approval is a necessary feature of ratification. * * * It is not necessary to show that the trustee in reliance on the ratification by the cestui, failed to attempt to repair what would otherwise have been a breach * * *. It is sufficient that the approval was given in all seriousness by a competent cestui. Once given, the confirmation cannot be retracted because of subsequent events." 4 Bogert, Trusts & Trustees, Sec. 942. And see Restatement, Trusts, Sec. 216; 54 Am.Jur., Trusts, Sec. 337.
So, while Harry Scullin entertained doubts as to the legal propriety of the allocations to corpus, he was fully apprised of his right to assert a claim to one-fourth of the funds as income. He was fully aware of his right to have this matter judicially determined. He declined to institute such an action. And again note that, in the last specification, the life beneficiaries, including Harry Scullin, "renounced in writing" their rights to claim the dividends as income.
Under all these circumstances, with full knowledge of the facts and of his own legal rights, Harry Scullin approved and confirmed and ratified the trustees' allocations. See these authorities and cases cited by plaintiff: Anno. 128 A.L.R. 4; Thompson v. Park Savings Bank, 68 App.D.C. 272, 96 F.2d 544; In re Ryan's Will, 291 N.Y. 376, 52 N.E.2d 909; Adair v. Brimmer, 74 N.Y. 539.
We sustain the trial court's ruling dismissing plaintiff's petition. The judgment is affirmed.
VAN OSDOL and COIL, C., concurs.
PER CURIAM.
The foregoing opinion by LOZIER, C., is adopted as the opinion of the court.
All concur.