Hart, J.
The scope and extent of the discretion of the trustee and cotrustee as to the allocation of stock dividends coming into the hands of the trustee of the Griffiths trust from issuing corporations, portions of whose stock make up a part of the corpus of the trust, as between capital and income of the trust, is expressed by the provisions of paragraph 3 of article I of the trust instrument hereinbefore quoted.
The power and authority of the trustee to make distributions to contingent and lifetime beneficiaries of the trust are governed by the provisions of article III of the trust agreement, which specifically provides for the distribution of income only.
There is no allegation in the petition of the co-trustee, or any claim made, that in the exercise of its discretion in this matter the trustee has been guilty of fraud, bad faith, misconduct, connivance with a beneficiary, or even abuse of discretion. So long as a trustee acts in good faith and within the limits of sound execution of the trust vested in him, a court of equity will not undertake to substitute its discretion for that of the trustee, or interfere with that discre *549 tion. Shelton v. King, 229 U. S., 90, 57 L. Ed., 1086, 33 S. Ct., 686; Watling v. Watling, 27 F. (2d), 193; Elward v. Elward, 117 Kan., 458, 232 P., 240; Dumaine, Trustee, v. Dumaine, 301 Mass., 214, 16 N. E. (2d), 625, 118 A. L. R., 834; In re Trusteeship under Will of Ordean, 195 Minn., 120, 261 N. W., 706. See annotation, 18 A. L. R. (2d), 1231. A mere difference of opinion as to policy is no ground for judicial interference with a trustee’s discretion. Elward v. Elward, supra, 459. And, when a settlor reposes his discretion in a trustee, he does so because he desires the honest judgment of the trustee, perhaps even to the exclusion of that of the court. Dumaine v. Dumaine, supra, 222.
In the absence of equity jurisdiction on the part of the court, as seems apparent from the facts in the instant cause, what is the duty of the trustee and co-trustee under the terms of the trust? One guide post, of course, is the intention of the settlors so far as such intention can be determined from the terms of the trust instrument and the situation of the settlors as of the date of the execution of the trust, and during such time as they might alter the terms of the trust.
For about eight years prior to the execution of the trust agreement in question, the law as declared by the Circuit Court for the judicial circuit in which Cleveland was located and in which the settlors resided was to the effect that stock dividends are capital and not income. See Miller v. Miller, 15 C. C. (N. S.), 481, 30 O. D., 545. See, also, Raymond v. Perkins, 23 C. C. (N. S.), 385, 34 C. D., 296.
In 1924, six years before the death of Edwin Griffiths, this court decided the case of Lamb v. Lehmann, Trustee, supra. In that case the court was called upon to determine what was “income” and what was “principal” as related to stock dividends in a testamentary trust which provided that the trustee *550 should “pay over to Mollie Lamb * * * the entire net income thereof for and during her lifetime” and at her death “convert the principal of said trust estate into cash, and after paying all costs, expenses and charges incident thereto * * * pay the same to the Endowment Fund Association of the University of Cincinnati. ’ ’
Under the terms of the trust there involved, this court held:
‘ ‘ 1. Where a will gives to a trustee, in trust, certain shares of stock in a corporation, with power of sale and reinvestment, and instructions to pay ‘the entire net income thereof’ to one person for life, with remainder to another, all cash or property dividends declared thereon shall be payable to the person holding the life estate, and all stock dividends, so called, shall become a part of the corpus of the estate and be held by the trustee during the life of the life tenant, and be distributed at his death to the remainderman.
“2. All cash or property dividends declared and paid upon stock dividends shall likewise be payable to the owner of the life estate during his life. ’ ’
In the instant cause, it is significant that, at the time the trust was created and for years after its creation when the settlors had an opportunity to modify it, the law of this state was firmly established to the effect that stock dividends were capital and not income. It is significant also that, although Margaret Rusk: Griffiths, one of the settlors, was made a party defendant in this action, she has never filed any answer or indicated that she is dissatisfied with the allocation of stock dividends by the trustee up to the present time.
Since there was no claim made by either Margaret Rusk Griffiths as life beneficiary of the trust or by the cotrustee that the trustee acted fraudulently or in bad faith in the allocation of stock dividends to principal of the trust instead of to income, and since they failed *551 to challenge the action of the trastee in that respect until the institution of this action, they are estopped to complain as to such allocation made prior to the institution of this action. It is a well established principle of law that a sui juris beneficiary or a cotrustee who consents to, confirms or acquiesces in a claimed breach of trust in making certain allocations to corpus rather than to income is estopped to claim a breach of trust growing out of the action of the trustee in that regard. Scullin, Co-Exr., v. Clark (Mo.), 242 S. W. (2d), 542, 29 A. L. R. (2d), 1024; McInnes, Exr., v. Whitman, 313 Mass., 19, 27, 46 N. E. (2d), 527; In re Ryan’s Will, 291 N. Y., 376, 413, 52 N. E. (2d), 909; Wilbur’s Estate, 334 Pa., 45, 5 A. (2d), 325.
What must be the allocation of stock dividends on corporate shares as between income and capital of a trust where a trustee and a cotrastee are in good faith unable to agree on such, allocation? Since, in the instant cause, the trustee and cotrustee are unable to agree on the allocation of property coming into the trust, it is unnecessary to discuss the extent of the power and discretion vested in them to make such decision regardless of the character of the property involved.
Although, as hereinbefore observed, a court of equity will not exercise jurisdiction to control the bona fide discretion of a trustee on a matter within the scope of the powers given him by the trust instrument, where the trustee and the cotrustee of a trust authorized to act jointly are unable to agree on a matter relating to the trust, and the subject matter of such disagreement is justiciable in character, the courts will resolve the controversy in accordance with the state of the law on the subject in the territorial jurisdiction of the trust.
The question then is, how does the law of Ohio alio *552 cate corporate-share dividends as between capital and income in the absence of specific directions in the trust instrument? It is clear that the trust instrument in the instant cause specifically directs that “income” and only income shall be distributed to the life or short-term beneficiaries, and this fact must be taken into consideration in making a legal determination of the matter. This question was definitely determined by this court in the case of Lamb v. Lehmann, Trustee, supra. In the course of the opinion in that case, the court referred to the English rule, the Pennsylvania rule, and the Massachusetts rule on this subject and then said:
“The third rule, known as the Massachusetts rule, regards cash dividends, whether ordinary or extraordinary, as income, and regards stock dividends, so called, as capital, without regard to the period when the same were earned. It declares that cash dividends belong to the tenant for life, and that stock dividends belong to the estate in remainder. This rule involves no inquiry into the internal affairs of the corporation, unless there is an abuse of power. This rule has found favor with the courts of other states of the Union, as may be seen by an examination of the following leading cases in the courts of various states * # #

tí***

“* * * We are forced to depart from the greater number of authorities and follow what we believe to be the greater weight, and hold that stock dividends are a part of. the corpus of the estate.”
In the case of Millar et al., Admrs., v. Mountcastle (1954), 161 Ohio St., 409, 119 N. E. (2d), 626, this court again affirmed the principle that a stock dividend does not bring into a trust estate anything that was not there before, and that the property in the estate after the stock dividend is the “identical” *553 property which was in the estate before the stock dividend was declared. In that case this court specifically held:
“The fractional part, portion or share of the proprietary interest of the owners of the- corporation owned by a holder of such a share of corporate stock by reason of his ownership of such share is, immediately after a stock dividend thereon, the identical property which he owned immediately before such stock dividend.”
In Marsh v. Peck, Tax Commr. (1954), 162 Ohio St., 11, 120 N. E. (2d), 428, this court quoted with approval from Towne v. Eisner, Collr., 245 U. S., 418, 426, 62 L. Ed., 372, 38 S. Ct., 158, as follows:
“ ‘A stock dividend really takes nothing from the property of the corporation, and adds nothing to the interests of the shareholders. Its property is not diminished, and their interests are not increased. ■*. * * pr0p0rtional interest of each shareholder remains the same.’ ”
The Restatement of the Law of Trusts (1933), Section 236, stated the Pennsylvania rule on this subject to the effect that “extraordinary dividends declared during the period, whether in cash or in shares of the corporation or in other property, are income to the extent and only to the extent that they are declared out of earnings of the corporation which accrued subsequent to the creation of the trust or the acquisition of the shares by the trustee. ’ ’
However, Section 236, ibid., was later amended and is now as follows:
“Except as otherwise provided by the terms of the trust, if shares of stock of a corporation are held in trust to pay the income to a beneficiary for a designated period and thereafter to pay the principal to another beneficiary,
*554 “(b) Dividends payable in newly issued shares of the corporation itself are principal * * *.” See 1948 Restatement of the Law Supplement.
A note to this revision of section 236, under the heading, “Reason for Change,” is appended as follows :
“At the time of the adoption of the restatement of this subject, the Pennsylvania rule was considered to be the still prevailing rule in the United States. Since that time, however, by decision or by statute, the Massachusetts rule has been accepted in several states. It is to be noticed that even in Pennsylvania, by the enactment in 1945 of the Uniform Principal and Income Act, the Massachusetts rule has been accepted.”
The note then cites a number of cases decided since the adoption of the restatement of this subject in which the Massachusetts rule has been accepted. Among those cases are American Security & Trust Co. v. Frost, 117 F. (2d), 283, certiorari denied, 312 U. S., 707, 85 L. Ed., 1139, 61 S. Ct., 829; Powell v. Madison Safe Deposit & Trust Co., 208 Ind., 432, 196 N. E., 324, 101 A. L. R., 1368; Kirby v. Kirby, 68 S. D., 612, 5 N. W. (2d), 405; all holding that stock dividends are principal and not income, in conformity to the so-called Massachusetts rule.
In the case oí Equitable Trust Co. of New York, Trustee, v. Prentice, 250 N. Y., 1, 164 N. E., 723, 63 A. L. R., 263, the trustee was given the power to allocate stock dividends to capital rather than to income. The court said:
“* * * an appraisal of intention by which stock dividends, either wholly or in part, are classified as income, has met with stout resistance from courts of high authority. The Supreme Court of the United States and the courts of Massachusetts and England allot such dividends to principal * * *. If the donor had in mind that income for the life tenant should *555 have a secondary meaning alien to its primary one, he should have said so in his deed or will.” See comprehensive note on this subject in 12 Ohio State Law Journal, 588.
In view of the state of the law in Ohio as well as the prevailing rule generally, this court finds that stock dividends, unless otherwise directed, must be allocated to the corpus and not to the income of the trust.
This court, therefore, finds that, the trustee and cotrustee being unable to agree, future stock dividends in the Griffiths trust shall be allocated to the corpus and not to income until such time as the trustee and cotrustee are able to agree on a different allocation of such dividends.
The judgment of the Court of Appeals is reversed and final judgment is entered in favor of the trustee.

Judgment reversed.

Matthias, Zimmerman, Stewart and Bell, JJ., concur.
Weygandt, C. J., dissents.
Taet, J., not participating.