(899 P.2d 511)

No. 71,162

In the Matter of the RALPH E. BREEDING TRUST.

Opinion filed July 28, 1995.

*Chris O. Concannon*, of Concannon Law Offices, of Hugoton, for appellant Kristina Breeding.

*William J. Graybill* and *John Richardson*, of Graybill & Richardson, of Elkhart, for appellee Ralph E. Breeding.

Before GERNON, P.J., LARSON, J., and JAMES W. PADDOCK, District Judge Retired, assigned.

PADDOCK, J.: Kristina Breeding, a successor beneficiary to an inter vivos trust, appeals through her natural father and next friend,

Wayne Breeding, the district court's decision approving the 1992 accounting of trustee John E. Fierro.

Sevilla Breeding is the grandmother of brothers Ralph and Wayne Breeding. On May 1, 1986, Sevilla executed the Ralph E. Breeding trust, an irrevocable trust designating Wayne Breeding as trustee. Paragraph Second sets forth the essential provisions of the trust:

"The trust estate created herein shall be held and distributed upon the following terms and limitations:

"(1) The Trustee shall at any time and from time to time, and in any event at least annually, distribute all or part of the income derived from the trust estate to or for the benefit of Ralph E. Breeding. The Trustee shall have full power and authority at any time and from time to time to withdraw such sums and property from the principal of the trust estate as the Trustee in his absolute discretion shall deem necessary or advisable for the health, support, and maintenance of Ralph E. Breeding and to pay and deliver the same to or for his benefit.

"(2) Upon the death of Ralph E. Breeding, the Trustee shall at any time and from time to time, and in any event at least annually distribute all or any part of the net income derived from the trust estate to or for the benefit of Lindsee Ann Breeding.

"(3) Upon the twenty-fifth (25) birthday of Lindsee Ann Breeding, subsequent to the death of Ralph E. Breeding, all undistributed net income shall be added to principal and the entire then remaining principal of the trust estate shall be distributed as follows:

One-half (½) to the then living natural issue of the body of Wayne Edward Breeding and Sheila Breeding

and

One-half (½) to Lindsee Ann Breeding

whereupon the trust estate shall terminate.

"(4) Northwithstanding [sic] any provision contained herein to the contract [sic], in the event that the net income derived by the trust estate shall total less than One Thousand Dollars ($1,000.00) in any year, then the trust estate shall terminate, all undistributed net income shall be added to principal, and the entire then remaining principal of the trust estate shall be distributed to the person or persons who shall at such time be entitled to receive the income from the trust estate."

At the time the trust was created, Ralph was divorced and had one minor child, Lindsee Ann. Wayne and Sheila Breeding are the parents of appellant Kristina Breeding.

Wayne Breeding resigned as trustee in 1991. Paragraph Third of the trust provided that should Wayne cease to serve as trustee, the law firm of Concannon & Concannon (Concannon, Traster & Concannon at the time the trust was executed) would nominate and appoint a successor trustee. Upon Wayne's resignation, the Concannon firm appointed John E. Fierro as trustee. Pursuant to an addendum to the trust, the district court ordered Fierro to file an inventory of trust assets and a fiduciary bond in an amount equal to 125% of the value of the trust. An inventory and valuation filed by Fierro on January 8, 1992, shows a total trust value of $131,569. Although not certain from the record, Fierro apparently paid the fiduciary bond.

On January 19, 1993, Fierro filed an annual accounting for 1992, his first year as trustee. The accounting shows total assets for the year of $169,865.42 and total disbursements of $167,955.12, leaving a trust estate value of $1,910.30. The accounting shows an entry for a real estate purchase for $92,000 in 1992. On January 29, 1993, Lindsee Ann Breeding and Kristina Breeding, remainder beneficiaries, filed an objection to the accounting and moved the court to order production of certain documents by Fierro for inspection. After a hearing on the matter, the court found the accounting sufficient "insofar as it shows ownership of the property herein by the trust." It is not clear from the accounting or the court's findings concerning the real estate as to whether the trust owned the real estate purchased in 1992. The court ordered Fierro to produce for inspection the documents requested by the remainder beneficiaries.

In March 1993, the remainder beneficiaries filed a motion for sanctions, stating that Fierro had failed to produce the documents for inspection as ordered. A hearing on the matter was held by phone conference on May 5, 1993, of which there is no record.

On October 1, 1993, Fierro moved the court for an order approving the 1992 accounting and reducing the fiduciary bond to $50,000. Kristina, through her next friend and father, Wayne Breeding, filed a response further objecting to the 1992 accounting. Kristina requested the court to withhold approval of the 1992 accounting, to set the matter for trial and allow discovery, to ap-

point an interim trustee, to not reduce the amount of the fiduciary bond, and to join as a party United States Fidelity & Guaranty Company. After a hearing, the court ordered the fiduciary bond for 1993 reduced to $50,000 and ordered the parties to submit briefs regarding the authority of the trustee under the terms of the trust to determine whether the 1992 expenditures were proper.

After a hearing held December 3, 1993, during which the court heard argument and reviewed the parties' briefs, the court approved Fierro's 1992 accounting. The court found that the trust was unambiguous; that "the Trust has an obligation to distribute income from the Trust to or for the benefit of Ralph E. Breeding, the only limitation being that said income be distributed for the benefit of Ralph E. Breeding and not some other person"; that under paragraph Third of the trust Ralph "has an absolute discretion as to the accountability of the actions of Trustees"; and that there was no indication of self-dealing or bad faith on the part of Fierro. Kristina appeals.

## A. DID THE COURT ERR IN FINDING THAT THE PRESENT BENEFICIARY HAS ABSOLUTE DISCRETION TO APPROVE FIERRO'S ACCOUNTING?

Citing the following language from paragraph Third of the trust, the district court found that Ralph alone, as the sole present adult beneficiary, had authority to approve Fierro's 1992 accounting:

"Any Trustee at any time serving with respect to the trust estate created herein may resign at any time, with or without cause, by giving not less than thirty (30) days' notice in writing of the intention so to do to all of the adult and otherwise legally competent beneficiaries to whom the income from the trust estate may then be distributable. *The person or persons to whom such notice is required to be given hereunder may,* without liability to any present or future beneficiary, *approve the accounts of and give a full and complete release and discharge to any resigned Trustee* and to the legal representative of any deceased or legally incompetent individual Trustee." (Emphasis added.)

Kristina contends the court's interpretation is error, first because the trust does not expressly deny any beneficiary the right to review the trustee's actions and second because such a limitation would be invalid as against public policy. Ralph simply agrees with the finding of the district court.

The above portion of the trust relied upon by the district court has nothing to do with the approval of a trustee's annual accounting. The emphasized language demonstrates that the passage merely concerns who may approve the accounting of a *resigning* trustee. Fierro is not a resigning trustee. The passage has absolutely no effect on who may approve the annual accounting of a presently serving trustee. Thus, the district court erred in finding that Ralph had absolute discretion to approve Fierro's 1992 accounting.

The parties have overlooked the statutory provisions regarding trustees' accounting proceedings, K.S.A. 59-2253 through K.S.A. 59-2256. Any beneficiary may approve or disapprove of a trustee's intermediate accounting. K.S.A. 59-2253. As a minor, Kristina may be represented in a trust accounting either by other legally competent beneficiaries or by a guardian ad litem. K.S.A. 59-2254. On remand, the district court should employ the statutory provisions regarding trustees' accounting proceedings in determining the propriety of Fierro's 1992 disbursements.

## B. DID THE COURT ERR IN DETERMINING THAT FIERRO HAD NOT COMMITTED A BREACH OF TRUST?

The district court approved Fierro's 1992 accounting for the following combined reasons: (1) Fierro is obligated to distribute income for the benefit of Ralph; (2) Fierro has the authority to use so much of the principal in the trust estate as he in his sole discretion shall deem necessary or advisable for the health, support, and maintenance of Ralph; and (3) because of the discretion granted Fierro, the court is not authorized to control Fierro's discretion upon mere difference of opinion, but only upon self-dealing or bad faith, of which the court found none in this case. The district court rendered its decision after reviewing briefs submitted by the parties and hearing argument. No discovery had occurred at the time of the decision, nor had any evidence been presented to the court.

Kristina contends the district court erred in failing to recognize a duty on the part of Fierro to consider the interests of the successor beneficiaries. Kristina further contends discovery is necessary to determine whether Fierro breached his duty to the succes-

sor beneficiaries. Ralph contends Fierro's actions were commensurate with the authority granted by the trust document.

The general standard for reviewing a trustee's actions, which was properly stated by the district court is found in *Jennings v. Murdock*, 220 Kan. 182, 201, 553 P.2d 846 (1976):

" '[W]here the instrument creating a trust gives the trustee discretion as to its execution, a court may not control its exercise merely upon a difference of opinion as to matters of policy, and is authorized to interfere only where he acts in bad faith or his conduct is so arbitrary and unreasonable as to amount to practically the same thing.' (*Elward v. Elward*, 117 Kan. 458, 459, 232 Pac. 240.) . . .

". . . 'Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion.' (Restatement of Trusts, Second, § 187.)"

What is unclear from the district court's memorandum order is the extent its finding that the successor beneficiaries did not have the right to challenge Fierro's accounting had on its ultimate finding of no breach of trust by Fierro. Specifically, the court's order does not address whether Fierro has any duty to the successor beneficiaries of the trust. According to the Restatement (Third) of Trusts § 232 (1992), Fierro clearly has a duty to Kristina in this case: "If a trust is created for beneficiaries in succession, the trustee is under a duty to the successive beneficiaries to act with due regard to their respective interests." Comment c to § 232 reveals that the extent of the trustee's duty to successor beneficiaries is determined from the trust's purposes, terms, and obligations when viewed in light of the circumstances of the trust and the relevant circumstances of its beneficiaries.

The district court erred in failing to apply the above-cited law to determine the extent of Fierro's duty to appellant in this case. Upon remand, the district court should allow the parties to conduct discovery and present evidence concerning the extent of Fierro's duty to Kristina under the law cited above to determine whether Fierro breached his duty to Kristina and other successor beneficiaries though the expenditures for 1992.

### C. IS THE TRUST AMBIGUOUS?

The parties raise the issue as to whether the trust document is ambiguous. Because this case is remanded on the two previous

issues, the issue of ambiguity is not necessary to resolve the dispositive issues. However, because the interpretation of the trust will be a focal point on remand, we will resolve this issue for the guidance of the trial court.

The parties disagree over whether the trust document is ambiguous. Kristina argues the trust is ambiguous because it is not clear what is meant by the settlor's grant of "absolute discretion" to the trustee. Ralph argues that neither the term "absolute" nor "discretion" is ambiguous, thus providing no room for rules of construction for written instruments. The district court found the trust unambiguous.

In *Godfrey v. Chandley*, 248 Kan. 975, 977, 811 P.2d 1248 (1991), a case involving the construction of a testamentary trust, the court stated:

"The construction of a written instrument is a question of law, and the instrument may be construed and its legal effect determined by an appellate court. [Citation omitted.] Whether an instrument is ambiguous is a matter of law to be decided by the court. [Citation omitted.] As a general rule, if the language of a written instrument is clear and can be carried out as written, there is no room for rules of construction. [Citation omitted.]"

The *Godfrey* court went on to hold as unambiguous a trust provision which directed that the trustee shall pay the net income of the trust to a named beneficiary " 'as may be necessary for her support, health, and maintenance.' " 248 Kan. at 978.

Here, the pertinent provisions of the trust provide:

"The Trustee shall have full power and authority at any time and from time to time to withdraw such sums and property from the principal of the trust estate as the Trustee in his absolute discretion shall deem necessary or advisable for the health, support, and maintenance of Ralph E. Breeding and to pay and deliver the same to or for his benefit."

This provision is similar to the one in *Godfrey* but with additional language regarding the absolute discretion of the trustee to invade the principal for the benefit of Ralph. Although the extent of the trustee's authority under the law is not clear, the language of the trust is clear and unambiguous: The settlor intended the trustee to have as much power as possible under the law to invade the principal for Ralph's benefit. Stated another way, the settlor intended

the trustee to have as wide a playing field as allowed under the law to withdraw sums from the principal for Ralph's benefit. The district court did not err in finding the trust unambiguous, despite the fact that it is not certain how wide a playing field the law allows a trustee for a trust as written in this case. Because the trust is unambiguous, there is no reason to employ rules of construction.

Affirmed in part, reversed in part, and remanded with directions.