# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———————

No. 03-6016 WM

———————

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Mary Jo Hixon, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Fred Charles Moon, Chapter 7 Trustee, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Plaintiff - Appellee, | * | Western District of Missouri |
| | * | |
| v. | * | |
| | * | |
| Mark Anderson, | * | |
| | * | |
| Defendant -Appellant, | * | |
| | * | |
| Mary Jo Hixon, | * | |
| | * | |
| Defendant. | * | |

———————

Submitted: July 14, 2003
Filed: August 1, 2003

———————

Before KRESSEL, Chief Judge, SCHERMER and DREHER, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Mark Anderson ("Anderson") appeals the bankruptcy court[1] order and judgment setting aside the purchase by the Debtor Mary Jo Hixon ("Debtor") of certain annuities for Anderson as a fraudulent conveyance pursuant to 11 U.S.C. § 548. We have jurisdiction over this appeal. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUES

The first issue on appeal is whether the bankruptcy court correctly determined that the Debtor's purchase of certain annuities constituted a fraudulent transfer to Anderson pursuant to 11 U.S.C. § 548. We conclude that the bankruptcy court did not err when it determined that the purchase of the annuities was an avoidable fraudulent transfer. A second issue on appeal is whether the merits of Anderson's request for the imposition of a constructive trust should have been addressed by the bankruptcy court and should be included in this appeal because Anderson did not properly raise the issue as an affirmative defense. We conclude that the bankruptcy court properly exercised its discretion to address the merits of the constructive trust arguments in its denial of Anderson's motion to alter or amend or for a new trial.

## BACKGROUND

Mark Anderson is the Debtor's nephew. In 1993, Anderson was convicted of drug offenses and sentenced to prison. At the time of Anderson's incarceration, he owed past-due child support which his ex-wife was attempting to collect. A sheriff's sale was pending with respect to certain real estate owned by Anderson. Anderson hired Attorney Larry K. Bratvold to assist with the child support collection issues and to arrange a vehicle pursuant to which the Debtor could

---

[1]The Honorable Arthur B. Federman, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

handle Anderson's business affairs while Anderson was incarcerated. Attorney Bratvold drafted the Mark Anderson Revocable Trust ("Anderson Trust") into which certain of Anderson's assets were transferred, including certain real property located at 415, 417, and 419 Booneville, Springfield, Missouri ("Booneville Property") which was transferred by Anderson into the Anderson Trust by deed dated September 12, 1993. Anderson and the Debtor were co-trustees under the Anderson Trust and each had authority to act independently of the other. The Anderson Trust was intended to serve two purposes: to remove Anderson's assets from the reach of his creditors and to enable the Debtor to exercise complete control over Anderson's business affairs. Anderson also executed a power of attorney in favor of the Debtor granting her full authority over his financial affairs.

In 1997, the Debtor established the Mary Jo Hixon Revocable Trust ("Hixon Trust"). The Hixon Trust was drafted by Attorney Bratvoldt. The intent was to give the Debtor complete freedom to transact business with regard to Anderson's property without the fear of imposition of levy or lien on the property by Anderson's creditors or the possibility of criminal forfeiture. The Debtor was the trustee of the Hixon Trust. In the Family Identification portion of the trust the Debtor identified her children, Anna Sharp and Howard Sharp, and indicated that the trust was made for the benefit of Anderson and his descendants only and that she intended to create an additional trust for the benefit of her two children.

Notwithstanding the recognition of Anderson in the Family Identification portion of the Hixon Trust, all substantive provisions of the trust treat the Debtor as the lifetime beneficiary. The trustee is authorized to "hold and administer [trust property] for [the Debtor's] benefit." (Hixon Trust, Article 3, Section 1.)[2] During

---

[2] The Hixon Trust was introduced at trial as Trustee's Exhibit B and is included as Exhibit 1 in the Appellee's Appendix of Exhibits.

3

the Debtor's life, the trust property and income are to be used as the Debtor directs and the income is to be distributed to the Debtor at least yearly. (Hixon Trust, Article 4, Section 1(a).) The Debtor has the absolute right to add or remove trust property. (Hixon Trust, Article 4, Section 1(b).) The Debtor has the absolute right to amend or revoke the trust. (Hixon Trust, Article 4, Section 1(c).) If the Debtor becomes incapacitated, the trustee is directed to provide for the Debtor and her obligations during such period of incapacity. (Hixon Trust, Article 4, Section 2.) The trustee is directed to deliver to the Debtor any and all annuity contracts which are owned by or deposited in the trust. (Hixon Trust, Article 5, Section 1(b).) The Trustee is authorized to pay the Debtor's expenses, debts, and taxes upon the Debtor's death. (Hixon Trust, Article 6, Section 1.) Only after the Debtor's death does Anderson become more than a residual beneficiary, at which time the balance of the trust not previously distributed is to be held and administered for Anderson's benefit. (Hixon Trust, Article 8, Section 1.)

The Debtor transferred the Booneville Property from the Anderson Trust into the Hixon Trust by deed dated April 21, 1997. Anderson was aware of the creation of the Hixon Trust as a vehicle to prevent his ex-wife from attaching property. Anderson consented to the transfer of the Booneville Property into the Hixon Trust. Anderson later executed a deed transferring other property from his name into the Hixon Trust.

On November 28, 1997, the Debtor represented on a credit application submitted to Polk County Bank that she was the owner of the Booneville Property which was titled in the Hixon Trust.

On December 14, 1998, the Hixon Trust sold the Booneville Property to Danny and Teresa Hicks for $65,000. Mr. and Mrs. Hicks paid $5,000 and executed a promissory note in the amount of $60,000 payable to the Hixon Trust. Mr. and Mrs. Hicks executed a deed of trust on the Booneville Property in favor of

4

the Hixon Trust to secure repayment of the note. The Debtor listed the promissory note as her personal asset on her financial statement dated December 31, 1998.

On August 21, 2002, Mr. and Mrs. Hicks refinanced the debt on the Booneville Property and paid off the promissory note to the Hixon Trust in an amount in excess of $40,000. The Debtor used the proceeds of the promissory note to purchase four annuities in the amount of $10,000 each with Anderson listed as the owner of each annuity and the Debtor listed as the annuitant on each annuity. The Debtor was insolvent on the date she purchased the annuities.

On November 29, 2001, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. Fred Charles Moon ("Trustee") was appointed trustee of the Debtor's bankruptcy estate. The Trustee initiated an adversary proceeding to avoid the Debtor's purchase of the annuities in Anderson's name as a fraudulent conveyance pursuant to Section 548 of the Bankruptcy Code. After trial, the bankruptcy court determined that the purchase of the annuities in Anderson's name constituted an avoidable fraudulent transfer and entered judgment in favor of the Trustee and against Anderson in the amount of $40,000. Anderson filed a motion to alter or amend or for a new trial which the bankruptcy court denied. Anderson filed this appeal.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Fed. R. Bankr. P. 8013; *Meeks v. Red River Entm't of Shreveport, P'ship (In re Armstrong)*, 285 F.3d 1092, 1096 (8th Cir. 2002). We review the bankruptcy court's denial of the motion to alter or amend or for a new trial for an abuse of discretion. *Kelly v. Armstrong*, 206 F.3d 794, 798 (8th Cir. 2000).

DISCUSSION

A.   The Court Did Not Err in Finding that the Promissory Note and its Proceeds Were Property of the Debtor at the Time the Debtor Used the Proceeds to Purchase the Annuities.

The bankruptcy court found that the Debtor had complete control over all assets in the Hixon Trust. She could use the trust assets for herself. Accordingly, the assets of the Hixon Trust including the promissory note executed in connection with the sale of the Booneville Property and its proceeds were property of the Debtor in August of 2002 when the Debtor used such proceeds to purchase the four annuities. The evidence supports this finding. Anderson did not give any consideration to the Debtor in August of 2002 when she purchased the annuities. The transfer was therefore for less than a reasonably equivalent value. The Debtor was insolvent at the time. Therefore the purchase of the annuities in Anderson's name was a fraudulent transfer of the Debtor's property pursuant to Bankruptcy Code Section 548(a)(1)(B) which the Trustee was entitled to avoid.

Anderson contends that the Booneville Property was his property at the time it was sold and that the sale proceeds which were used to purchase the annuities were likewise his. Anderson asserts that the Debtor was a fiduciary for Anderson and that any interest she had in the property was limited to a legal interest which was subject to her fiduciary duties in favor of the equitable owner Anderson. To the extent the Debtor had a beneficial interest in the assets of the Hixon Trust, Anderson argues that the Debtor's transfer of the Booneville Property from the Anderson Trust to the Hixon Trust constituted a breach of her fiduciary duty to Anderson and that his equitable remedies against the Debtor for such breach survive the bankruptcy pursuant to Section 541(c)(2) of the Bankruptcy Code.

Under Anderson's theory, no transfer of property of the Debtor occurred because she never owned the property but rather merely held it in trust for his benefit. The evidence does not support this theory, however. Anderson granted the Debtor a power of attorney which gave her control over his affairs. He transferred the Booneville Property into the Anderson Trust and gave the Debtor complete control over the property, including the authority to transfer the property to herself. Anderson was aware of the Hixon Trust and transferred additional property into such trust. Anderson was aware that the Debtor used assets of the Anderson Trust and of the Hixon Trust for her own personal benefit and he never objected to such use. Anderson effectively granted control of his assets to the Debtor to avoid his creditors, including his ex-wife, and to avoid the possibility of criminal forfeiture. Anderson cannot transfer assets beyond the reach of his creditors and later disavow the consequences of such transfer when they operate to his detriment. *Cook v. Mason*, 185 S.W.2d 793, 794 (Mo. 1945); *Coleberd v. Coleberd*, 933 S.W.2d 863, 870 (Mo. App. 1996); *Kahn v. Royal Banks of Missouri*, 790 S.W.2d 503, 506-07 (Mo. App. 1990). Furthermore, Anderson was aware of the Debtor's use of the assets in the Anderson Trust and the Hixon Trust, including her use of trust assets for her personal benefit, and consented, confirmed, and ratified such behavior. Anderson cannot now complain about the Debtor's use of the trust assets. *Scullin v. Clark*, 242 S.W.2d 542, 548 (Mo. 1951). Anderson consented to the Debtor's use of property; he cannot later retract such consent to avoid subsequent consequences. *Id.*

On appeal, Anderson argues that the Debtor breached her fiduciary duty as trustee of the Anderson Trust when she transferred the Booneville Property to the Hixon Trust and, therefore, he is entitled to equitable relief in the form of a constructive or resulting trust. To establish a breach of fiduciary duty by the Debtor, Anderson must establish that a fiduciary relationship existed between the Debtor and Anderson, that the Debtor breached such duty, and that the breach caused Anderson to suffer harm. *Zakibe v. Ahrens & McCarron, Inc.*, 28 S.W.3d

373, 381 (Mo. App. 2000). The Debtor acted within the broad scope of authority granted to her by the terms of the Anderson Trust; therefore Anderson cannot establish a breach of duty.

An implied trust is a legal remedy available where no express agreement exists. *Parker v. Blakeley*, 93 S.W.2d 981, 988 (Mo. 1936); *Suhre v. Busch*, 123 S.W.2d 8, 15 (Mo. 1938). An implied trust requires an extraordinary degree of proof . *Parker v. Blakeley*, 93 S.W.2d at 987-88. Implied trusts include resulting trusts and constructive trusts. Resulting trusts are based upon the presumed intention of the parties as determined from the facts and circumstances which existed at the time of the transaction in dispute. *Id*. at 988. Here the parties' intentions with respect to the Booneville Property were clearly expressed in the Anderson Trust. A resulting trust is not necessary where an express trust governs the situation

A constructive trust is a means of restitution to remedy fraud or wrongdoing by making the wrongdoer a trustee for the benefit of the harmed party with respect to the property wrongly acquired. *O'Neal v. Southwest Missouri Bank of Carthage (In re Broadview Lumber Co., Inc.)*, 118 F.3d 1246, 1253 (8th Cir. 1997); *Parker v. Blakeley*, 93 S.W.2d at 988; *Lim v. Chong*, 22 S.W.3d 97, 101 (Mo. App. 2001). Here, the Debtor did not commit fraud as against Anderson. Anderson expressly gave the Debtor all the incidents of ownership with respect to the Booneville Property. He cannot now claim fraud where she acted within the authority expressly granted to her by Anderson. Here an express agreement, the Anderson Trust, and Anderson's ratification of the transfer of the Booneville Property to the Hixon Trust govern the relationship between the parties. The Debtor acted within the powers expressly granted to her. No grounds exist for an implied trust.

B.    The Court Did Not Abuse Its Discretion in Denying the Motion to Alter or Amend.

The bankruptcy court has broad discretion in determining whether to grant a motion to alter or amend a judgment. *Wayzata Bank & Trust Co. v. A & B Farms*, 885 F.2d 590, 595 (8th Cir. 1988). Apparently Anderson's motion to alter or amend or for a new trial requested the imposition of a constructive trust on the annuities in favor of Anderson.[3] The bankruptcy court agreed with the Trustee that Anderson failed to property raise the issue of breach of fiduciary duty as an affirmative defense. However, the bankruptcy court exercised its discretion to address the merits of Anderson's constructive trust argument in its order denying the motion to alter or amend and denied such relief on the merits. A court is free to amend pleadings to conform with evidence after trial. Fed.R.Civ.P. 15(b), applicable herein pursuant to Fed.R.Bankr.P. 7015. The bankruptcy court did not abuse its discretion in addressing the constructive trust issue nor in denying the motion to alter or amend or for a new trial.

## CONCLUSION

The bankruptcy court correctly determined that the Debtor's purchase of certain annuities constituted an avoidable fraudulent transfer to Anderson pursuant to 11 U.S.C. § 548. Additionally, the bankruptcy court acted within its sound discretion when it addressed the merits of Anderson's request for a constructive trust as part of its denial of Anderson's motion to alter or amend or for a new trial. Accordingly, we AFFIRM.

---

[3] Neither party elected to include a copy of such motion in the appendices filed in connection with this appeal.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT