Belle Cook v. B. A. Mason et al., Fred L. Taylor, Appellants.—
No. 39236.—185 S. W. (2d) 793.

Division One, March 5, 1945.

Waldo P. Johnson and Lee E. Cook for appellants.

John M. Belisle and Ralph P. Johnson for respondent.

 DOUGLAS, J.—This is a suit in equity to set aside plaintiff's voluntary conveyance of land and to vest title to the land in plaintiff.

Belle Cook, plaintiff, had adopted à daughter, Virginia. She claimed Virginia, aged fifteen years, was disobedient so she whipped her. Virginia claimed the whipping was a willful and malicious assault. The rumor spread over the town of Collins where Belle lived that Virginia was going to sue Belle for damages because of the assault. It reached Belle's ears and her brothers' ears. So Belle and her two brothers, defendant Ben A. Mason and Bill Mason, now deceased, drove to the abstracter's office in Osceola, the county seat, where a deed was prepared conveying the land to Ben and Bill Mason. Belle signed the deed and directed the abstracter to record it. She received no consideration. She retained possession of the land, collected the rents, paid the taxes and expenses. The purpose of making the deed was "to protect herself", "to keep down the suit", "to keep down trouble" in face of the threatened suit for damages. "She wanted them [the grantees] to deed the place back to her when this was settled."

Several days after the deed was made Virginia sued Belle for one thousand dollars actual and one thousand dollars punitive damages. She recovered judgment for one thousand dollars actual damages which was cut to six hundred dollars by the trial court. Belle appealed to the Springfield Court of Appeals which reversed the judgment on the ground Virginia never had a cause of action against Belle because of the doctrine an unemancipated minor child has no right of action in tort against a parent or a person standing in the place of a parent. Cook v. Cook, 232 Mo. App. 994, 124 S. W. (2d) 675.

Belle's brother Bill Mason died and later his widow died. Belle brought this suit against defendant, Fred L. Taylor, who holds an undivided one-half interest by conveyances from the heirs of Bill's widow, and against her brother Ben who holds the other one-half interest. The trial court found for Belle, ordered the deed to her brothers cancelled and the title to the land vested in her. Defendant Taylor has appealed.

The question for decision is whether Belle's conveyance to her brothers was fraudulent even though the threatened suit for damages was based on a claim not authorized by law, so that she is now precluded from seeking the aid of a court of equity to set aside the conveyance.

■ Courts of equity are chary of reaching out a helping hand to those litigants who voluntarily convey their land in order to hinder, delay and defraud creditors. Chambers v. Chambers, 227 Mo. 262, 127 S. W. 86. The rule is well established that a court of equity will not set aside a conveyance made in fraud of creditors. Jones v. Jefferson, 334 Mo. 606, 66 S. W. (2d) 555; Leeper v. Kurth, 349 Mo. 938, 163 S. W. (2d) 1031. When a party makes a conveyance for the purpose of hindering or defrauding a creditor, equity will ordinarily leave him where it finds him. Keener v. Williams, 307 Mo. 682, 271 S. W. 489. This rule has been applied where a conveyance is made in anticipation of a suit for damages. Creamer v. Bivert, 214 Mo. 473, 113 S. W. 1118; Jones v. Jefferson, 334 Mo. 606, 66 S. W. (2d) 555; George v. Surkamp, 336 Mo. 1, 76 S. W. (2d) 368.

"Persons having a right to sue for damages for tort are generally regarded as within the protection afforded by statutes relating to fraudulent conveyances, and entitled, when the claim has been reduced to a judgment, to maintain a suit to have such a conveyance set aside, where made after the cause of action arose." Anno. 39 A. L. R., 179.

Our statute affords such protection. It voids conveyances made with intent to hinder or defraud "creditors of their lawful actions, damages, forfeitures, debts or demands." Sec. 3505, R. S. 1939, Mo. R. S. A. It has been held in this state that for the purposes of relief under this statute a person who has been assaulted became a creditor at the time the assault conferred on him "a valid demand for damages" against his assailant. Carrel v. Meek, 155 Mo. App. 337, 137 S. W. 19. An early English case ruled such a statute extended to all who have "a cause of action." Twyne's case (1601), 3 Coke 82, 76 Eng. Reprint, 815.

■ It must be noted that the general rule above quoted refers to persons having a lawful right to sue; our statute to creditors with lawful actions; the decision in Carrel v. Meek to a person having a valid demand for damages; and in Twyne's case to all who have a cause of action.

In the case at bar Virginia's claim against Belle did not amount to a lawful right to sue, a lawful action, a valid demand for damages or a cause of action. She did not come within the term creditor.

A situation somewhat similar to the one here is found in Miller v. Miller, 206 Mo. 341, 103 S. W. 962, where the defense was the litigation pending at the time of a conveyance charged to be fraudulent had no just foundation in law or equity and later resulted in defendants' favor. That case was decided on another point but the court observed the general rule that equity will not assist in recovering property conveyed in fraud of creditors does not apply where the claim against the grantor is not a valid one, and in such case an agreement to reconvey may be enforced although the transfer was made to

defeat an anticipated recovery on such claim. Citing Bump on Fraudulent Conveyance (4 Ed.), sec. 441. In Butte Investment Co. v. Bell (Mo.), 201 S. W. 880, the court also stated the general rule did not apply where the transfer was made in the face of an unjust claim.

The principle has been announced that where the application of the general rule will work injustice it will not be followed even in a case solely between the parties where a deed was made "to avoid the possible outcome of some litigation." Mentzer v. Mentzer, 325 Mo. 941, 30 S. W. (2d) 146. See also Smith v. Holdoway Const. Co., 344 Mo. 862, 129 S. W. (2d) 894.

In the instant case the threatened claim which prompted the conveyance was later held to have no legal foundation. Plaintiff was guilty of no wrong in her attempt to discourage an unauthorized claim. No fraudulent intent may be inferred from her making the conveyance in the face of such a claim. Consequently she is not barred from seeking the aid of a court of equity to set aside the conveyance. See Day v. Lown, 51 Iowa, 364, 1 N. W. 786; Hoff v. Hoff, 106 Kan. 542, 189 P. 613; Rivera v. White, 94 Tex. 538, 63 S. W. 125.

The judgment is affirmed. All concur.