**In re the Marriage of Ursula R. WILHELM, Petitioner-Appellant,**

**v.**

**Kurt P. WILHELM, Respondent.**

**No. 48223.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1985.

Kenneth S. Lay, Clayton, for petitioner-appellant.

George E. Schaaf, St. Louis, for respondent.

KAROHL, Judge.

Petitioner wife appeals the part of dissolution decree relating to limited maintenance and the determination that two bank accounts and some corporate stock were separate property of the husband.

The parties were married in 1960, separated in September 1981 and the dissolution granted on December 6, 1983. Three daughters were born to the marriage all of whom are now adults. The youngest child was born in 1963. Wife is a graduate of the University of Missouri and has a lifetime teaching certificate issued by the Department of Education. Since 1971 she has had various parttime jobs. The parties lived in Columbia, Missouri until the separation when the wife moved to St. Louis leaving husband and the three children in the family home. At the time of the separation and by agreement of the parties wife took possession of $5,500 of family savings. During the separation she lived modestly and at the time of the trial she retained $2,000 of this sum and had deposited $2,000 to an IRA account. She was otherwise self-supporting during the period of separation by employment as a waitress, the manager of a snack bar during summer months, and as a house-sitter for homeowners on vacation. One month after the hearing she was to begin teaching under a one-year contract at a local private high school for $7,500 a year. The court found that during the year 1982 her earnings were $14,369. For many years she had been troubled by varicose veins in both legs and migraine headaches. Except for these complaints she is in good health.

Husband is a self-employed piano tuner. He reported net earnings in 1982 of $24,495. He also received during the same year $2,034 in interest and $1,069 in dividends. The 1982 tax return reflects that he received $1,822 additional income from his employment which was not taxable because of the appropriate depreciation allowance on tax returns. In addition, he received $3,900 in rental income on real estate inherited from his father. The rental income was offset by $678.00 in expenses leaving $3,222 for his use. Husband testified that he placed the rental income in two bank accounts at the Centerre Bank of Columbia, Missouri and that the accounts contained between $4,400 and $5,000. Husband also testified that he owned in his own name 500 shares of Kimball International stock and 50 shares of Atlantic-Richfield stock which had been purchased from rental income derived from the inherited real estate. The Kimball stock had a value at the time of trial of $39.00 per share and the Atlantic-Richfield a value of $51.25 per share making a total value for both stocks of $24,625.

The trial court found that wife is gainfully employed and self-supporting and

therefore not entitled to statutory alimony. However she was granted limited maintenance of $400.00 per month for a period of twenty-four months. The trial court found the value of the family home in Columbia, Missouri to be $57,000 and provided that that amount should be divided between the parties in equal parts. The trial court also ordered the parties to divide equally other cash deposits, corporate stock investments and the value of husband's Keogh plan found to have a value of $60,517.79.

We find no abuse of discretion in the award of limited maintenance. Wife was forty-eight years of age, not the custodian of children, and had demonstrated over the two-year period of separation that she was able to support herself. In addition, she will receive cash and stock having a value of at least $70,000 which may be used to increase her income. As we noted in *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65, 68 (Mo.App.1984), a spouse who is financially self-sufficient at the time of the dissolution cannot complain that the maintenance is limited because she has attained the goal of self-sufficiency which maintenance is designed to achieve. We also deny wife's contention that the limited maintenance in the amount of $400.00 per month was inadequate. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The trial court's determination that the bank deposits containing rental income and the corporate stocks purchased with rental income are separate property of the husband was not supported by the evidence and misapplied §§ 452.330.2 and .3 RSMo Supp.1984. Income from separate property acquired subsequent to the marriage is presumed to be marital property. § 452.330.3 RSMo Supp.1984. *Cain v. Cain*, 536 S.W.2d 866, 870 (Mo.App.1976). The presumption may be overcome only upon proof that the property in question was acquired by gift or inheritance or in exchange for property acquired prior to the marriage. § 452.330.2 RSMo Supp.1984. The income from separate property acquired during the marriage does not fall within any of the excluded categories. It is marital property.

*In re Marriage of Williams*, 639 S.W.2d 236, 237 (Mo.App.1982).

■ Husband concedes that the bank accounts and corporate securities may be marital property and has cited no authority to the contrary. He argues, however, that this part of the decree should not be disturbed because the trial court intended to distribute this property to husband. We do not read the decree to support that position. The trial court found a list of property including the stocks and bank accounts at issue not marital by reason of inheritance and decreed that such property "... shall remain the sole, separate and exclusive property of said respondent ..." Other bank accounts and corporate stocks found to be marital property were divided equally. Further, wife requested an equal division of marital property and husband did not advocate an alternative result. As the court incorrectly found the bank accounts and stocks purchased with the rental income to be separate property we remand for a just division.

We affirm the allowance of $400.00 per month limited maintenance for a period of twenty-four months. We reverse that part of the decree which found bank accounts and corporate stocks purchased from rental income on husband's inherited and separately owned real estate to be separate property and remand to the trial court to determine the value of property acquired with the rental income and its just division.

PUDLOWSKI, P.J., and GAERTNER, J., concur.