**Joyce T. BENNETT, Respondent,**

**v.**

**James B. BENNETT, Appellant.**

**No. WD 36687.**

Missouri Court of Appeals,
Western District.

Jan. 21, 1986.

As Modified March 4, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 4, 1986.

Application to Transfer Denied April 15, 1986.

Andrew J. Gelbach, P.C., Warrensburg, for appellant.

William J. Cason, Michael X. Edgett, Fred R. Bunch, James C. Johns, Clinton, for respondent.

Before TURNAGE, P.J., and DIXON and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The appellant James Bennett (husband) and respondent Joyce Bennett (wife) were married in 1978. This appeal arises from a dissolution proceeding and deals primarily with the classification and division of marital property. The trial court made the following findings of fact and conclusions of law. The wife, age 55, owns a travel agency in Clinton, Missouri, which had a net income of $3,164 the year before trial and a loss of $5,947 the prior year. The husband, age 54, was unemployed at the time of trial. He had been employed as a maintenance supervisor for a petroleum

company and had gross earnings of approximately $46,700 in 1982 and $44,500 in 1983. He had a drinking problem and had been physically abusive to the wife.

The primary bone of contention involved stocks in the amount of $23,986.42, owned by the husband prior to the marriage and set off to him as separate property. All dividends were automatically reinvested to buy more stock. During the marriage, the Bennetts purchased stock worth $49,541.65, and the judge denominated this amount as marital property. In addition to the automatic purchase from dividends, the Bennetts purchased additional stock during the marriage with the husband's earnings but paid for out of a joint bank account.

The court found a travel agency operated solely by the wife to be marital property. The wife started the agency in 1982 with payment of a $5,000 franchise fee. At trial in January, 1985, she drew $600 per month from the business. It had assets of $21,000, including a 1981 vehicle valued at $4,000, and liabilities of $18,000. Although gross sales were over $400,000, the projected yearly income was $15,600. The court gave a value of $8,400 to this marital asset.

Other marital assets in dispute included a home that had been titled in the name of the wife and her former husband prior to the marriage. She was obligated to pay $28,500 to her former husband upon her remarriage. Payment was made from funds that came from the appellant husband but were titled in a joint account. The court determined this sum represented 44.5% of the $72,000 value it placed on the home and awarded a corresponding sum to the husband for the contribution.

The decree, which awarded no maintenance, set off as separate property to the husband a total of $30,576.42, which sum included $23,986.42 of stock brought into the marriage by him. The decree awarded $500 to the wife as her separate property. As to marital property, the wife was awarded a total of $86,200, which included the house and the travel agency. The husband received $58,100 in marital property which included the increase attributed to his stock.

The scope of review is the same as a court-tried case under *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

The husband appeals, asserting the trial judge erred in 1) declaring as marital property the dividends on his stock that were automatically reinvested in additional stock; 2) ascribing a value of only $4,400 to the travel agency, exclusive of the vehicle valued at $4,000; and 3) failing to reimburse him for paying $28,000 from his "separate funds" to the wife's former husband in regard to the marital home. He says these errors prevented a fair, just and equitable division of the marital property.

As to the stock acquired after the marriage with dividends from stock owned by the husband prior to the marriage, the husband failed to preserve any question on the exclusion from evidence of certain matters which he now claims would show the newly acquired stock to be his separate property. He also says the stock purchased with his money in the joint account should have been classified as nonmarital property.

Section 452.330, RSMo 1978, covers disposition of property in dissolution cases. Subsection 1 provides the court first shall determine the separate property of each spouse. In dividing marital property, the court shall consider the contribution of each spouse to the acquisition of the property, the value of property set apart to each spouse, the economic circumstances of each spouse at the time of division, and the conduct of each spouse during the marriage. Subsection 2 defines marital property as "all property acquired by either spouse subsequent to the marriage." However, the section states that "property acquired in exchange for property acquired prior to the marriage" and "the increase in value of property acquired prior to the marriage are not marital property." Subsection 3 provides all property acquired after the marriage "is presumed to be marital property" regardless of how the spouses hold title, and the presumption "is overcome by a showing that the property was

acquired by a method listed in subsection 2."

▮ Regarding the first point, there is no theory under which the husband can succeed. As to the stock purchased with funds in the joint account, there is no evidence to support anything other than the presumption that it was marital property because it was acquired during the marriage. As to declaring the stock acquired by dividends from nonmarital stock as nonmarital property, the husband relies on *In re Marriage of Bruske,* 656 S.W.2d 288 (Mo.App.1983). *Bruske* involved stock splits generated by the original shares owned by the husband and qualified as nonmarital under either the "exchange" or an "increase in value" exceptions of § 452.-330.2. *Id.* at 295. In the case at bar there was no stock split. Dividends received during the marriage were reinvested to buy more stock. Also, of no help to the husband is *Hoffmann v. Hoffmann,* 676 S.W.2d 817 (Mo. banc 1984), which involved redemption of stock. The court analogized redemption to a split under *Bruske* and rejected the wife's contention that the corporate repurchase of stock had the effect of increasing her spouse's percentage of ownership and amounted to a transformation of stock from nonmarital to marital property. *Id.* at 822–23.

*Hoffman* is significant in that it rejects the "inception of title" theory and adopts the "source of funds" theory as a method of dividing the increase in property values during the marriage. *Id.* at 823–26. That issue is not involved in this case. The case at bar involves reinvested income on non-marital property during the marriage, not an increase in the value of the stock. The husband's argument that the dividend income was nonmarital property is further thwarted by the language in *Wilhelm v. Wilhelm,* 688 S.W.2d 381 (Mo.App.1985), which states that income from separate property acquired during the marriage is presumed marital property under § 452.-330.3 and does not fall within the excluded categories of § 452.330.2. *Id.* at 383; *see also In Re Marriage of Williams,* 639

S.W.2d 236, 237 (Mo.App.1982); *Cain v. Cain,* 536 S.W.2d 866, 870 (Mo.App.1976). The funds expended for stock purchase were marital property and the stock itself was marital property. *Bashore v. Bashore,* 685 S.W.2d 579, 583 (Mo.App.1985).

▮ The husband's other two points concerning the valuation of the travel agency and his failure to receive credit for the money paid to the wife's former husband get short shrift in his brief. His complaints and statements are without reference to the transcript and without citation of authority. The value placed on the travel agency was within the range of the evidence and no firm belief can now be generated that it was erroneous. *See Norman v. Norman,* 604 S.W.2d 680, 684 (Mo. App.1980). Similarly, as noted earlier, the judge, in awarding the home to the wife, recognized and gave credit to the husband for this expenditure. These arguments are denied.

▮ Also denied is the husband's oblique assertion that the overall distribution of marital property was unfair, unjust and unequal. The division of marital property must be just, and here it was. *See Goldberg v. Goldberg,* 691 S.W.2d 317, 321 (Mo. App.1985). The husband has failed to show the trial court abused its discretion in the division of property. *Colabianchi v. Colabianchi,* 646 S.W.2d 61, 64 (Mo. banc 1983).

The judgment is in all respects affirmed.

All concur.