Donna Kay HILL, Appellant,

v.

James Leslie HILL, Respondent.

No. WD 39314.

Missouri Court of Appeals,
Western District.

March 15, 1988.

Garry L. Helm, N. Kansas City, for appellant.

Kit C. Roque, Jr., Kansas City, for respondent.

Before GAITAN, P.J., and
TURNAGE and CLARK, JJ.

GAITAN, Presiding Judge.

Appellant Donna Kay Hill (wife) appeals the trial court's decree of dissolution which set aside certain real estate to respondent James Leslie Hill (husband) on the determination that it was separate, non-marital property free and clear of any claim by appellant. Appellant alleges the trial court erred in declaring this real estate to be non-marital property because the trial court's determination was against the weight of the evidence and was based on an erroneous application of the law. The judgment is reversed and the cause remanded for further proceedings.

The parties were married on April 18, 1976. On January 12, 1976, respondent purchased a residence in Kansas City for $35,950. Appellant testified that respondent made a $650 down payment. Respondent obtained a VA mortgage for the balance and received title to the property on

March 8, 1976. Only respondent's name appears on the title. The parties were living together prior to the purchase of the residence and appellant testified that the home was purchased in anticipation of their marriage. She explained that the reason that her name did not appear on the title was "it just seemed simpler to have only one name put on the title and then to have my name added after we were married." The title, however, was never modified to include appellant's name.

Throughout most of the marriage, both parties were employed. Respondent testified that mortgage payments on the residence were paid out of a joint marital account to which both parties contributed their earnings.

At trial, evidence was presented regarding the fair market value of the residence. The trial court, based on a Uniform Residential Appraisal Report, valued the residence at $63,500. The evidence also established that the remaining indebtedness at the time of dissolution was $32,193. Thus at the time of dissolution, the equity in the home was $31,307 ($63,500 − $32,193).

A final decree was entered on January 29, 1987. The trial court found that the residence was acquired prior to respondent's marriage to appellant and "was purchased by his making a down payment from his separate funds and under the provisions of the G.I. bill." The court concluded that "the residence was non-marital property."

In her first two points, which can be consolidated for purposes of appeal, appellant contends the trial court erred by following the "inception of title" doctrine and by failing to follow the "source of funds" rule to determine the parties' respective interests in the real estate at issue. She claims that, under the "source of funds" standard, she is entitled to a marital share of the residence because marital funds were used to acquire the property. We agree.

■ Prior to *Hoffmann v. Hoffmann*, 676 SW.2d 817 (Mo. banc 1984), Missouri applied the "inception of title" doctrine to determine when property is "acquired."

Under this approach, property is classified as entirely separate or entirely marital at the moment title is taken. *Id.* at 824. In *Hoffman*, the Court recognized the inherent unfairness of this rule. The Court realized that the "inception of title' doctrine created "an incentive ... for a sophisticated spouse to divert marital funds for the improvement of separate property," *id.* at 825, and deprived a "non-owning spouse of any appreciable return on his or her investment." *Id.* at 824. Therefore, the *Hoffman* Court discarded the "inception of title" doctrine and adopted the more equitable "source of funds" rule. *Id.* at 825.

■ Under the "source of funds" rule, property is considered to be acquired, not when title passes, but as it is paid for. *Id.* at 824. Incremental property values are allocated proportionately to either marital or separate estates according to the source of funds used to purchase the property. *Id.* Thus the use of marital funds results in a marital interest in a spouse's otherwise separate property. *Bashore v. Bashore,* 685 S.W.2d 579, 583 (Mo.App.1985).

■ When property has been acquired by the investment of marital funds and non-marital funds, the marital interest is to be determined by first calculating the ratio of marital investment to the total of the marital and non-marital investment in the property. *In Re Marriage of Herr,* 705 S.W. 619, 624 (Mo.App.1986). The determination of the marital interest involves the following figures:

(a) value of residence at time of marriage.

(b) indebtedness at time of marriage.

(c) reduction of indebtedness due to marital funds (marital contribution (mc)).

(d) value of residence at time of dissolution.

(e) indebtedness at time of dissolution.

The non-marital contribution (nmc) is calculated by subtracting (b) from (a).

The equity in the residence is calculated by subtracting (e) from (d).

Once the foregoing figures have been ascertained, the value of the marital property interest may be determined according

to the formula set forth in *In Re Marriage of Herr, supra,* 705 S.W.2d at 625. This formula and its definitions are as follows:

$$\text{Non-marital property} = \frac{nmc}{tc} \times e$$

$$\text{Marital property} = \frac{mc}{tc} \times e$$

nmc = non-marital contribution
mc = marital contribution
tc = total contribution (sum of marital and non-marital contribution)
e = equity at date of dissolution

In the present case, uncontroverted evidence established that marital funds were used to reduce the mortgage indebtedness on the residence. The record indicates that the only non-marital funds used to purchase the home were the down payment and one mortgage payment in April, 1976. Respondent took title to the residence in March of 1976 and the parties were married the following month. Respondent testified that, following the marriage, all mortgage payments were made from a joint account to which both parties contributed their earnings. Thus the evidence supports a finding that, of the 131 mortgage payments made from the time of purchase to the date of dissolution, 130 mortgage payments were made from marital funds.[1] *See Giedinghagen v. Giedinghagen,* 712 S.W.2d 711, 713 (Mo.App. 1986).

Applying the "source of funds" rule, the respondent and the marital estate are each entitled to a share in the property proportionate to their respective investments. Accordingly, the marital interest in the residence must be added to the marital property as determined and distributed by the trial court. *Bashore v. Bashore, supra,* 685 S.W.2d at 583.

The judgment of the trial court regarding the division of property is reversed and the cause remanded for additional evidence and a redetermination of the property division issue in light of this opinion. Costs are to be taxed against respondent.

All concur.

---

1. This calculation is based on the following figures:

| | | |
|---|---|---|
| May 1976—December 1976 | = | 8 months |
| 1977—1986 | = | 120 months |
| January 1987—February 1987 | = | 2 months |
| Total | = | 130 months |