**R.D., Petitioner/Respondent.**

v.

**J.D., Respondent/Appellant.**

No. 54825.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 14, 1989.

 

Claude Hanks, St. Louis, for respondent/appellant.

Robert F. Summers, St. Louis, for petitioner/respondent.

CRIST, Judge.

Husband appeals from a dissolution decree. He asserts the division of property was unjust and the award to wife of attorney's fees was improper. We affirm.

Husband and wife were married twelve years and had four children. They have joint custody of the children, with wife having primary physical custody.

At the time of the divorce, husband was employed as a carpenter, and had earned approximately $36,000 in 1987, the year prior to the divorce. Wife was employed as a registered nurse, and earned approximately $24,000 per year.

The trial court found both parties guilty of marital misconduct. Wife admitted to sexual relations with another man, but this began one month after separation. Husband drank excessively during the marriage and subjected the children to physically abusive discipline. He also kept adult sex magazines in the marital home.

The trial court divided the marital property as follows: Wife was awarded $27,000 in funds from marital accounts, a 1986 GMC van valued at $10,000, the household goods and furnishings, one-half interest in husband's pension benefits that had accumulated to-date, and $6,500 as her interest in the marital home.

Husband was awarded the marital home as his separate property, $27,000 in funds from marital accounts, and one-half interest in his pension fund that had accumulated to-date. Husband was also ordered to pay $2,500 of wife's attorney's fees and the court costs.

Husband asserts the division was unjust, contending wife received 65 percent of the assets. The court did not make, nor did the parties request, findings of fact assigning values to all the property, and husband does not otherwise specify wherein and why the trial court erred, nor provide values to support his assertion. His argu-

ment, however, alleges: wife received a disproportionate share of the estate in light of her marital misconduct; that the court erred in granting wife a share of the value of the marital home because it was his separate property purchased prior to the marriage; and the court erred in awarding wife the GMC van without providing for repayment to husband, who had repurchased the van after wife's default on the payments.

■ The trial court found the marital home was husband's separate property except for an $11,500 interest allocated to marital property. Husband purchased the property and began construction of the house prior to the parties marriage. The house was approximately two-thirds complete when the parties married. Husband, however, had exhausted his funds for construction. After their marriage, husband and wife borrowed $19,200 and completed the house. This loan was repaid from the parties joint bank account. At all times the property was titled in husband's name only.

Under the source of funds rule stated in *Hoffman v. Hoffman*, 676 S.W.2d 817 (Mo. banc 1984), the marital estate was properly granted an interest in the marital home. The house was completed with funds borrowed by the parties after marriage, and this loan was repaid from marital funds. The marital community was entitled to a share in the property to the extent the increase in value, here the completion of the house, was attributable to an investment of marital funds. *Mika v. Mika*, 728 S.W.2d 280, 282[1] (Mo.App.1987); *Townsend v. Townsend*, 705 S.W.2d 595, 597[2] (Mo.App.1986); *Hill v. Hill*, 747 S.W.2d 718, 719[4] (Mo.App.1988).

■ Husband next contends the court erred by not ordering wife to make monthly payments to husband for the GMC van which husband repurchased from the holder of the security interest after wife defaulted in her payments. Husband's assertion is without merit. The dissolution decree states clearly that wife is responsible for payments on the van, and any amount due husband from wife for the repurchase

has been taken into consideration in the division of the marital property.

■ The trial court is required to make a just division of marital property, but the division need not be equal. *Degerinis v. Degerinis*, 724 S.W.2d 717, 721[9] (Mo.App. 1987). Upon applying the guidelines of § 452.330, RSMo 1986, the court found both parties were guilty of marital misconduct, however wife's occurred after separation. Wife has a significantly lower income than husband, and she has primary physical custody of the children. In addition, husband was awarded the marital home as his separate property. In light of these factors, we find no abuse of discretion in the court's division of property.

■ Finally, we consider the award to wife of $2,500 for attorney's fees. It is husband's burden to show the trial court abused its discretion in the award. *Golleher v. Golleher*, 697 S.W.2d 547, 551[11] (Mo.App.1985). In making the award, the court is to consider all the relevant factors, including financial resources. *Klenke v. Klenke*, 742 S.W.2d 621, 625[7] (Mo.App. 1987); § 452.355, RSMo 1986. Considering husband has a yearly income approximately $12,000 greater than wife, he was awarded the marital home, and wife has primary physical custody of the four children, the evidence supports a finding that husband had the greater ability to pay wife's attorney's fees. There was no abuse of discretion.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.