**Linda J. WELCH, Petitioner/Appellant,**

v.

**Paul S. WELCH,
Respondent/Respondent.**

**No. 59529.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 24, 1991.

Motions for Rehearing and/or Transfer to
Supreme Court Denied Jan. 27, 1992.

Stanley David Schnaare, Hillsboro, Brian May, Clayton, for petitioner, appellant.

Mary Ann Weems, Kieran J. Coyne, Clayton, for respondent, respondent.

GARY M. GAERTNER, Judge.

In this appeal, wife, Linda Welch, appeals from an order of the Circuit Court of St. Louis County dissolving her thirteen year marriage to husband, Paul Welch. Wife alleges that the circuit court erred in its characterization of marital and separate property and in its failure to specify a time in which husband is to pay the second mortgage on certain real property. We affirm in part and remand in part.

The evidence reveals that husband began working for Shell Oil Company in 1957. As part of his compensation, husband participated in the Shell Oil Company Provident Fund. Husband testified at the hearing that, every other week, he contributed ten percent of his earnings to this fund. Shell

matched husband's contributions and also paid cash dividends and interest into the fund. At the time of the parties' marriage on May 1, 1976, husband had approximately 333 shares of stock in the account with an approximate value of $27,750. In 1984, husband's shares were converted to cash and placed into a thrift account. By the time the decree of dissolution was entered on December 18, 1990, this account had an approximate value of $360,000.

During the hearing on the petition for dissolution of marriage, husband attempted to trace the separate portion of his earnings in the Shell Provident Fund. Husband testified that he calculated the tracing by dividing the dividends, contributions and investment income earned or made during the course of the marriage into equal parts. The parts were then equally attributed to separate and marital portions. Husband thus claims that his separate fund had a value of $203,200 and that the marital fund had a value of $125,850.[1]

The trial court accepted husband's tracing of funds and, in the decree of dissolution, awarded husband $218,600 of the fund as separate property. The trial court then split the marital portion of the fund, giving $81,245 to husband and $60,000 to wife. This appeal followed.

 Wife claims that the trial court erred in characterizing $218,600 of the fund to be husband's separate property. We agree.

Husband's tracing of funds included ½ of all dividends earned, interest earned and contributions made as separate property, not subject to division. Husband argues that such a distribution of funds is appropriate under RSMo § 452.330.2(5) which states that the "increase in value" of separate property remains separate unless marital assets contributed to the increase and then only to the extent of the contribution. In *Drikow v. Drikow*, 803 S.W.2d 122 (Mo.App., E.D.1990), this court held that interest earned on separate property was marital property. *Drikow*, 803 S.W.2d at 125. This court also stated that stock divi-

dends earned on separate property were marital property. *Id.* at 127. We believe that contributions made to the Provident Fund by Shell and by husband during the time of the marriage would certainly also fall into the category of marital property. Any change in value of husband's initial 330 shares due to stock splits or appreciation would retain their separate character. *Id.* By finding that one-half of all contributions made, and interest and dividends earned were separate property, the trial court clearly misapplied the law of this state. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's distribution of property must, therefore, be remanded to the trial court for a determination of the appreciated value of the husband's original 330 shares and for a determination of the value of the marital property.

 Wife also claims that the trial court erred in failing to specify a time in which husband is to pay the second mortgage on certain real property. Wife contends that the failure to specify a time makes the decree indefinite and uncertain and, therefore, unenforceable with respect to the second mortgage.

We find no uncertainty regarding the second mortgage on the wife's property. The trial court's decree clearly states that husband is to "defend, indemnify and hold harmless" the wife from payment on the mortgage. The payment of the mortgage is for a sum certain on a monthly basis and is to continue until the mortgage is completely paid. If husband fails to make a payment, he is liable to the wife for any amount she incurs in defending suit or paying the mortgage. We do not find any uncertainty in this order. Point denied.

Affirmed in part and remanded to the trial court for an order consistent with this opinion.

REINHARD, P.J., and CRANE, J., concur.

---

1. At the time of the decree of dissolution these figures were $218,600 and $141,245 respectively.