**Mary Jeanene CLARK, Petitioner–Respondent,**

v.

**Ralph Thomas CLARK, Respondent–Appellant.**

No. 20171.

Missouri Court of Appeals,
Southern District,
Division Two.

March 14, 1996.

---

**254**

Timothy J. Corrigan, Corrigan & Crosby, P.C., Springfield, for appellant.

Peggy S. Hedrick, Springfield, for respondent.

SHRUM, Chief Judge.

This is a dissolution of marriage case. Ralph Thomas Clark (Husband) appeals from that portion of a dissolution decree that classified as marital property several mutual fund accounts and awarded Mary Jeanene Clark (Wife) twenty-two thousand dollars ($22,000) of these accounts. We affirm.

1. Heim and Young Financial Corporation serves as a financial planning consultant for its customers, investing and managing their money.

■ Appellate review of a court-tried case is governed by the principles enunciated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *See Mistler v. Mistler,* 816 S.W.2d 241, 245[1] (Mo.App.1991). Thus, we must affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy,* 536 S.W.2d at 32[1].

■ In his singular point on appeal, Husband faults the trial court for treating several mutual fund accounts (the "Heim accounts")[1] standing in the joint names of Husband and Wife as marital property. An inheritance received by Husband during the marriage was used to fund the accounts. Husband's mother had put her house in trust for Husband, and it was distributed to him after she died in 1991. This house was sold, netting approximately $81,000, which was all placed into the Heim accounts. The approximate worth of the accounts just prior to trial, by virtue of accumulated earnings, was $82,-000. The trial court classified the Heim accounts as marital property and divided them, awarding Wife $22,000.

The Heim accounts were opened in the names of both Husband and Wife as joint tenants with right of survivorship. Husband draws our attention to two subsections of § 452.330.2, RSMo 1994, (1) and (5). Section 452.330.2 provides, in part:

"For purposes of sections 452.300 to 452.415 only, '**marital property**' means all property acquired by either spouse subsequent to the marriage except:

(1) Property acquired by gift, bequest, devise, or descent;

. . . . .

(5) The increase in value of property acquired prior to the marriage or pursuant to subdivisions (1) to (4) of this subsection, unless marital assets including labor, have contributed to such increases and then only to the extent of such contributions."

Undoubtedly, the proceeds from the sale of Husband's mother's house were initially Husband's separate property, as described by the exception in subsection (1). However, placing separate property into the joint names of both spouses creates a presumption that the property has been transmuted into marital property, and clear and convincing evidence is required to show that the transfer was not intended as a gift. *In re the Marriage of Jennings,* 910 S.W.2d 760, 763[4] (Mo.App.1995) (citing *Spidle v. Spidle,* 853 S.W.2d 311, 314[1, 2] (Mo.App.1993)). The clear and convincing standard as defined by Missouri Courts of Appeals "refers to evidence which instantly tilts the scales in the affirmative when weighed against the evidence in opposition, and the fact finder's mind is left with an abiding conviction that the evidence is true." *Jennings,* 910 S.W.2d at 763[5] (citing *In re M.J.A.,* 826 S.W.2d 890, 896 (Mo.App.1992)). We also note that nothing in the "source of funds" rule embraced in *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 825 (Mo. banc 1984), precludes a spouse from transmuting an item of separate property into marital property by his own express or implied agreement. *Jennings,* 910 S.W.2d at 764[6]; *Stephens v. Stephens,* 842 S.W.2d 909, 913 (Mo.App.1992).

As Husband describes his intent for the Heim accounts, it was to invest his inheritance for five years to try to double it in order to share it with his brothers and sisters. While Husband insisted, and continues to insist, that he did not intend to make a gift to Wife or to make her an equal owner of the accounts by putting her name on the accounts, Wife's testimony that Husband "did say it was—that was not just his money, it was our money[,]" directly contradicts Husband's stated intent. This court defers to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the decree, disregarding all contrary evidence and inferences. *Cofer v. Price–Cofer,* 825 S.W.2d 369, 372 (Mo.App.1992). Moreover, if one spouse has caused his or her separate property to be transferred to both spouses jointly, mere self-serving testimony that it was not intended as a gift is entitled to little weight. *Stephens,* 842 S.W.2d at 914[3].

Husband also claims that Wife's name was only placed on the accounts for purposes of avoiding probate. Husband points to the testimony of the financial planner who set up the accounts, who testified that he had a discussion with Husband and Wife about probate and joint ownership during the initial meeting at which the accounts were set up. However, this testimony is indefinite as to the question of whether probate avoidance was the sole motivating factor in setting up joint ownership, and it does not corroborate Husband's intent to retain the funds as his separate property.

Husband's evidence by which he sought to convince the trial court that he had not intended to make a gift by placing Wife's name on the Heim accounts falls short of instantly tilting the scales in the affirmative when weighed against the evidence in opposition, as required under the clear and convincing evidence standard. Consequently, Husband's evidence was not sufficient to compel a finding that he had overcome the presumption of transmutation. Under the facts here, the trial court did not err in classifying the Heim accounts as marital property or in its division of those accounts.[2]

We affirm the judgment of the trial court.

PREWITT, P.J., and PARRISH, J., concur.

---

**2.** The principal court opinions cited by Husband: *In re Marriage of Jennings,* 910 S.W.2d 760, *Spidle,* 853 S.W.2d 311, *Wilson v. Wilson,* 822 S.W.2d 917 (Mo.App.1991), *Drikow v. Drikow,* 803 S.W.2d 122 (Mo.App.1990), and *Fuqua v. Fuqua,* 765 S.W.2d 640 (Mo.App.1989), do not compel classification of the Heim accounts as nonmarital property as he urges. Although each case recites the principle that clear and convincing evidence can overcome the presumption that the placing of separate property of a spouse into joint names transmutes it into marital property,

not one of them holds that the trial court erred in deciding that the presumption had not been rebutted. Husband also cites *Corbett v. Corbett,* 728 S.W.2d 550 (Mo.App.1987), in which the trial court found the presumption was rebutted and the Western District affirmed because it could not say that the evidence was insufficient to support rebuttal of the presumption. *Id.* at 553–55. However, *Corbett* does not aid Husband because there—as here—the appellate court deferred to the trial court's evaluation of evidence.

Moreover, *Corbett* is factually distinguishable in that the wife in *Corbett* offered no evidence contradicting the husband's evidence of intent to keep jointly titled property as his separate property. Finally, despite Husband's argument to the contrary, *Hoffmann,* 676 S.W.2d 817 does not compel a different classification of the Heim accounts. *Hoffmann* did not abolish the theory of transmutation, which is based on agreement or gift. *Stephens,* 842 S.W.2d at 913.